**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Natividad FERNANDEZ,**
**Jr., Defendant–Appellant.**

No. 03–20703.
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

DECIDED: May 26, 2004.

James Lee Turner, Assistant US Attorney, James Ray Alston, Houston, TX, for Plaintiff–Appellee.

Guy L. Womack, Houston, TX, for Defendant–Appellant.

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:*

Jose Natividad Fernandez, Jr., appeals from his conviction and sentence following a bench trial on stipulated facts for conspiracy to possess with intent to distribute marijuana and for possession with intent to distribute marijuana. 21 U.S.C. §§ 841(a)(1), (b)(1), 846; 18 U.S.C. § 2. Fernandez argues that the district court erred in denying his motion to suppress evidence of marijuana seized during a warrantless search. Even if Fernandez had an expectation of privacy in the garage and storage area searched, the district court's determination, that exigent circumstances

justified the warrantless search, is not clearly erroneous. *See United States v. Vasquez,* 953 F.2d 176, 179 (5th Cir.1992); *United States v. Rico,* 51 F.3d 495, 501 (5th Cir.1995). Moreover, the entry into the garage and storage area was permissible as a protective sweep incident to Fernandez's arrest. *See Maryland v. Buie,* 494 U.S. 325, 327, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990); *United States v. Watson,* 273 F.3d 599, 603 (5th Cir.2001).

Fernandez challenges the district court's refusal to award him a two-level decrease in his offense level pursuant to the safety-valve provision, U.S.S.G. §§ 2D1.1(b)(6) and 5C1.2(a)(5). The district court did not err in determining that Fernandez was not entitled to a safety-valve reduction. *See United States v. Flanagan,* 80 F.3d 143, 145–47 (5th Cir.1996).

AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.